## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN FERNANDO VIDAL ALVARADO, | |
| Petitioner, | Civil Action No. 26-880 (JXN) |
| v. | |
| | **MEMORANDUM AND ORDER** |
| PAMELA BONDI, *et al.*, | |
| Respondents. | |

**NEALS**, District Judge

Before the Court is Petitioner Steven Fernando Vidal Alvarado's ("Petitioner") counseled Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his detention (ECF No. 1), and a request for Temporary Restraining Order ("TRO") (*id.* at 32).

Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), which is applicable to § 2241 cases through Rule 1(b) of the Habeas Rules, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

Petitioner seeks a TRO, requesting that the Court preliminarily enjoin Respondents transferring Petitioner. (*Id.* at 32.) The Court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney *certifies in writing any efforts made to give notice and the reasons why it should not be required.*

Fed. R. Civ. P. 65(b)(1) (emphasis added). Here, Petitioner's request for a TRO does not include any certification or explanation as to whether efforts were made to notify Respondents regarding the request for a TRO. Further, Petitioner does not explain why the Court should not require notice to Respondents. As such, the Court denies Petitioner's request for a TRO.

Although the Court denies Petitioner's request for a TRO based on his failure to comply with Rule 65(b)(1), pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651, Petitioner shall not be transferred from his current facility in New Jersey during the pendency of this habeas corpus proceeding.

Accordingly

**IT IS**, on this 2nd day of February 2026,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Respondents are **TEMPORARILY ENJOINED** from transferring Petitioner from his current detention facility in New Jersey during the pendency of this action; this Order shall remain in effect pending further Order of the Court; and it is further

**ORDERED** that Petitioner request for a Temporary Restraining Order (ECF No. 1 at 32) is **DENIED without prejudice**; and it is further

**ORDERED** that within fourteen (14) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filing; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

HONORABLE JULIEN XAVIER NEALS
United States District Judge