**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| STEVEN FERNANDO VIDAL-ALVARADO, <br><br> Petitioner, <br><br> v. <br><br> PAM BONDI, *et al.*, <br><br> Respondents. | Civil Action No. 26-880 (JXN) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Steven Fernando Vidal-Alvarado's ("Petitioner") Motion to Enforce (ECF No. 10) this Court's Memorandum and Order granting Petitioner's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention (ECF Nos. 5). Respondents ("Government") filed a response (ECF Nos. 12, 13) and Petitioner replied (ECF No. 14). Having considered the parties' submissions in support of and opposition to the Motion to Enforce, the Court decides the Motion without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Motion to Enforce is **DENIED**.

## I.    BACKGROUND

Petitioner, a citizen of Ecuador, entered the United States without inspection in 2021 and has remained here since. (Habeas Pet. at *1,[1] ECF No. 1.) Years later, on January 22, 2026, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner. (*Id.* at *3.) Following

---

[1] Pincites preceded by an asterisk (*) use ECF pagination.

his arrest, Petitioner was detained at Delaney Hall, in Newark, New Jersey, without an individualized bond hearing because he was held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*See generally id.*)

On January 28, 2026, Petitioner filed his Petition arguing that 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration judge ("IJ"), applied to his detention. (*Id.*) Following the Court's Order to Answer, the Government submitted a response to the Petition on February 13, 2026. (Gov't Resp., ECF No. 4.)

On February 19, 2026, the Court issued a Memorandum and Order granting the Petition, finding Petitioner detained under 28 U.S.C. § 1226(a), and ordering the Government to provide Petitioner with "an individualized bond hearing . . . before an immigration judge [to] assess whether [Petitioner] presents a flight risk or a danger to the community." (ECF No. 9.) On February 24, 2026, Petitioner withdrew the custody redetermination request as he was not ready to proceed. (*See* ECF No. 8.)

On April 21, 2026, the Government informed the Court that on April 20, 2026, Petitioner was provided with an individualized bond hearing, where the IJ denied Petitioner bond, finding he failed to demonstrate that he was not a danger to the community or a flight risk. (*See* ECF No. 9; *see also* ECF No. 9-1.) On April 24, 2026, Petitioner filed a Motion to Enforce Judgment, arguing that his bond hearing did not comport with due process and was fundamentally unfair. (*See generally* Mot. to Enforce, ECF No. 10.)

The Government filed a response, arguing that Petitioner has failed to show that his bond hearing was "fundamentally unfair." (*See* ECF Nos. 12, 13.)

## II.   <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if (1) the petitioner is "in custody" and (2) the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   <u>DISCUSSION</u>

In his Motion to Enforce, Petitioner argues that his bond hearing was fundamentally unfair and violated his due process rights. (Mot. to Enforce at 11–23.) Petitioner argues that the IJ treated him as a convicted criminal and denied him bond as a danger to the community when he has not had any criminal convictions in this country and has only had one interaction with law enforcement. (*Id.* at 11.) Petitioner also argues that the IJ improperly found Petitioner a flight risk after the Government terminated his deferred action before the bond hearing. (*Id.* at 12.) Petitioner alleges that the termination of his deferred action was retaliatory, arbitrary and capricious. (*Id.* at 14.) Finally, Petitioner alleges that his bond hearing was fundamentally unfair because the IJ relied on a Notice to Appear that was not served on Petitioner or his counsel.[2] (*Id.* at 19–21.)

---

[2] Petitioner argues that the January 22, 2026, Notice to Appear was never served on Petitioner or counsel prior to the bond hearing and therefore the IJ was not entitled to rely upon it. First, the Court notes that the IJ found Petitioner had not met his burden of showing he was not a danger to the community. In doing so, the IJ did not rely on the Notice to Appear. Additionally, Respondents attached the January 22, 2026, Notice to Appear as an exhibit to their answer in this matter. (*See* ECF No. 4-2.) As such, the Notice to Appear was a part of the record in this matter and was provided to Petitioner by February 13, 2026, at the latest.

3

This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem*, 2022 WL 574624, at *2 (alteration in original).

The Court has reviewed the bond hearing transcript and finds that the IJ did not abuse his discretion in deeming Petitioner had not met his burden of proving that he was not a danger to the community.[3] As noted above, Petitioner appeared before the IJ on April 20, 2026. The IJ concluded that Petitioner was a danger to the community and denied Petitioner bond. (*See generally* ECF No. 13.) The IJ noted Petitioner's counsel submitted evidence in support of the bond application and that the court had reviewed said evidence. (*Id.* at 4.)

The IJ heard argument from Petitioner's counsel. (*Id.* at 6–10.) Counsel noted that Petitioner had a wife and son, who are asylum applicants, he has a fixed address in New York, a drivers license, and attends his removal proceedings. (*Id.* at 9-10.) Counsel also argued that although Petitioner was arrested for driving under the influence ("DUI") in October 2025, the matter is going to be disposed of as a violation and not a criminal offense. (*Id.* at 6.)

---

[3] Although a significant portion of Petitioner's Motion to Enforce focuses on his argument that the Government's termination of Petitioner's deferred action was arbitrary and capricious, the question before the Court is whether the IJ's decision was "fundamentally unfair." Petitioner may not use a Motion to Enforce this Court's previous Order that Petitioner should be provided with a bond hearing to challenge the Government's decision to terminate Petitioner's deferred action. The Court acknowledges that the IJ discussed the termination of Petitioner's deferred action, in finding that he had not met his burden of showing he was not a flight risk. However, the IJ also found Petitioner had not meet his burden of showing he was not a danger to the community.

The IJ noted that considering Petitioner's DUI, he was concerned about danger. (*Id.* at 15.) The IJ acknowledged that it was Petitioner's only DUI, however, the facts surrounding the DUI concerned the IJ. (*Id.*) The IJ explained that Petitioner had a .13 percent blood alcohol content and was driving 88 miles per hour in a 55 miles per hour zone while intoxicated. (*Id.*) Petitioner was also ticketed for drinking alcohol in a motor vehicle on the highway. (*Id.* at 15–16.) The IJ found that given the recency of this event and the factors involved, Petitioner had failed to establish that he would not be a danger to the community and denied him bond. (*Id.* at 16.)

Petitioner's challenge to the IJ's finding that Petitioner had not met his burden of showing he was not a danger to the community is a challenge to the judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") This Court does not express any opinion whether the IJ came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1). Any challenge to the IJ's denial of bond must be presented to the Board of Immigration Appeals.[4]

---

[4] The Court notes that it previously ordered that the Government must treat Petitioner as subject to immigration detention only under 8 U.S.C. § 1226(a) unless and until Petitioner receives an administratively final order of removal. As such, Petitioner may file a request for a bond redetermination before an immigration judge.

## IV.    CONCLUSION

For the reasons set forth above, the Motion to Enforce (ECF No. 10) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED**: 5/28/2026

**JULIEN XAVIER NEALS**
**United States District Judge**